*Nonsuit made absolute.*

—

## HENRY WILLIAMS *et al. versus* PAUL SPAFFORD.

Where one purchases goods upon an examination of a specimen taken by him out of a small aperture in the case in which the article is contained, this is a sale by sample.

Where an article was purchased in that manner, as a seroon of indigo, but the greater part of the contents of the seroon proved to be a different substance, and the remainder to be indigo of a quality inferior to the specimen, it was *held*, that the seller was liable to the purchaser in assumpsit on a warranty, that the article sold was indigo of the same quality as the sample.

ASSUMPSIT upon a warranty in the sale of a seroon (or leather bag) of indigo. On one side of the seroon was cut a small triangular hole, at which the purchaser might draw out a specimen, and at the sale the plaintiff examined the article in this mode. In the bill of parcels the article was described as " one seroon of indigo." The greater part of the contents of

---

[1] See Revised Stat. *c.* 120. § 4, which enacts that the provisions of the statute of limitations shall not " apply to any action brought upon a promis sory note, which is signed in the presence of an attesting witness, provid ed the action be brou.ght by the original payee, his executor or administrator.'

the seroon proved to be a substance resembling burnt clay, colored so as to look like indigo, and at the end of the seroon there were from seven to ten large pieces of leather and bones ; and what indigo there was in the seroon was of an inferior kind and not like the specimen. The defendant was innocent of the fraud.

*Merrill*, for the defendant, cited *Parkinson* v. *Lee*, 2 East, 314, and Day's note at *p.* 324 ; *Harvey* v. *Young*, Yelv. 21, and Metcalf's note ; *Oneida Manuf. Soc.* v. *Lawrence*, 4 Cowen, 440 ; *Gray* v. *Cox*, 6 Dowl. & Ryl. 200. He said this was not a sale by sample. [See *Meyer* v. *Everth*, 4 Campb. 22 ; *Gardiner* v. *Gray*, ibid. 144 ; *Sands* v. *Taylor*, 5 Johns. R. 404.]

*Morey, contrà,* relied on *Bradford* v. *Manly*, 13 Mass. R. 139, and *Hastings* v. *Lovering*, 2 Pick. 214.

*Per Curiam.* The indigo was sold by sample ; and that is a warranty that the bulk is of the same kind and quality with the sample.[1]

*Defendant defaulted.*

Williams
*v.*
Spafford.

*June 13th.*

251

*June 27th*

---

[1] See Long on Sales, (Rand's edit.) 191, 192; *Gallagher* v. *Waring*, 9 Wendell, 20; *Beebe* v. *Robert*, 12 Wendell, 413; *Andrews* v. *Kneeland*, 6 Cowen, 354; *Boorman* v. *Johnson*, 12 Wendell, 566; Chitty on Contr. (4th Am. edit.) 360.